O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $201,900.00 IN U.S. CURRENCY, <br><br> Defendant. | Case No. 2:18-cv-10273-ODW (SKx) <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [24]** |

## I.  INTRODUCTION AND BACKGROUND

On December 11, 2018, Plaintiff United States of America initiated this *in rem* forfeiture action. (*See* Verified Compl., ECF No. 1.) The government subsequently filed a Verified First Amended Complaint ("FAC") on March 4, 2019 against the defendant currency and the interests of all potential claimants. (FAC, ECF No. 10.) Through this action, the government seeks forfeiture of $201,900.00 in U.S. currency. (FAC ¶ 5.) The Drug Enforcement Agency ("DEA") and South Gate Police Department seized the defendant currency during a joint investigation into money laundering and drug trafficking organizations. (FAC ¶¶ 8, 23, 29.) The government alleges that the currency "represents or is traceable to proceeds of illegal narcotic trafficking, was

intended to be used in one or more exchanges for a controlled substance or listed chemical, or was used or intended to be used to facilitate a controlled substance or listed chemical violation, in violation of 21 U.S.C. § 841 *et seq*." (FAC ¶ 32.) The government alleges that, as such, the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (FAC ¶ 32.)

The government attempted to directly serve the known potential claimants and published notice of the seizure and forfeiture action for thirty days pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Decl. of Brent A. Whittlesey ("Whittlesey Decl.") ¶¶ 4–12, Ex. B, ECF No. 24-1.) Process was executed on the defendant currency by the United States Marshals Service. (Whittlesey Decl. ¶ 3, Ex. A.) The time for filing a claim or answer has expired. (Whittlesey Decl. ¶ 13.)

One potential claimant, Zhonghuang Li, asserted a claim to the defendant currency and filed an answer. (Whittlesey Decl. ¶ 14; *see also* Claim of Right, ECF No. 15; Answer, ECF No. 17.) However, Li withdrew his claim and subsequently entered into a Stipulation for Entry of Judgment of Forfeiture. (Withdrawal, ECF No. 19; Stipulation, ECF No. 21.) Li consented to the entry of a Consent Judgment of Forfeiture in favor of the government. (Stipulation 2.) Accordingly, there are no pending claims to the defendant currency or pending answers to the FAC. (Whittlesey Decl. ¶ 14.)

On June 4, 2019, the Clerk entered default as to the interests of Suiyan Tang, Ren Tong You Chang, Xin Zong, and all other potential claimants regarding the defendant currency. (Default, ECF No. 23.) On June 7, 2019, the government filed its Motion for Default Judgment ("Motion") against the interests of Tang, Chang, Zong, and all other potential claimants. (Mot. 6, ECF No. 24.) Pursuant to Local Rule 7-9, any opposition

to the government's Motion was due no later than twenty-one days before the July 15, 2019 hearing date. The Court received no opposition to the Motion.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court need not make detailed findings of fact in the event of a default judgment. *See Adriana Int'l Corp. v.*

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

3

*Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### III. DISCUSSION

Having reviewed the filings in this action, the Court is satisfied that the government has met all procedural requirements for obtaining a default judgment against the interests of all potential claimants. Notice was adequately given and the time for filing a claim or answer has expired. Only one potential claimant, Li, filed a claim, which he later withdrew and Li subsequently stipulated to entry of a Consent Judgment of Forfeiture in favor of the government. Thus, there are no pending claims or answers. The government has satisfied the procedural requirements of FRCP 55 and Local Rule 55-1: (1) the Clerk entered default against the interests of Tang, Chang, Zong, and all other potential claimants on June 4, 2019; (2) other than Li, who withdrew his claim and entered into a Consent Judgment of Forfeiture, no potential claimants responded to the FAC; (3) no potential claimants are infants or incompetent persons; and (4) no potential claimants are in the military, so the Service Members Civil Relief Act does not apply. (*See* Default; Whittlesey Decl. ¶¶ 13–16.)

Further, the Court finds that on balance the *Eitel* factors weigh in favor of granting the government's Motion. The allegations establish that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking, was intended to be used in one or more exchanges for a controlled substance or listed chemical, or was used or intended to be used to facilitate a controlled substance or listed chemical violation, in violation of 21 U.S.C. § 841, *et seq.*, rendering them subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). In light of the well-pleaded allegations in the FAC and all potential claimants other than Li having failed to file a claim, the government's interest in an efficient resolution of the case outweighs any potential

claimant's interest in adjudication on the merits. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Having determined that entry of default judgment is appropriate, the Court finds that forfeiture of the defendant currency to the United States for disposition according to law is proper because it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 24.) A separate judgment will issue.

**IT IS SO ORDERED.**

August 28, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

5